IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-2819-WJM-KLM

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

   Plaintiff,

v.

MICHAEL SOMMERFIELD,
ANGELINA LUCERO,
ALYSSA LUCERO,
PENNY MCANALLY, as guardian and next friend of A.W., a minor, and
MARK DRUMMOND, as guardian and next friend of A.L., a minor,

   Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Summary Judgment or in the Alternative for Default Judgment** [#29][1] (the "Motion"). The Motion [#29] has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c). The Court has reviewed the Motion [#29], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#29] be **GRANTED** with respect to the request for default judgment, and **DENIED as moot** with respect to the request for summary judgment.

---

[1] "[#29]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

-1-

## I. Summary of the Case

### A. Factual Background[2]

This case arises out of the death of Michele E. Lucero (the "Insured"). *See Compl.* [#1] at 3-5. The Insured was an employee at Wal-Mart Stores, Inc. ("Wal-Mart") at the time of her death. *Id.* at 3. The Prudential Insurance Company of America ("Plaintiff"), issued a group life insurance policy to Wal-Mart. *Id.* The beneficiary rules of the group life insurance policy govern the payment of insurance benefits under the policy. *Id.* The beneficiary rules state that benefits due are payable to the designated beneficiary of the policy. *Id.*; *see also Exhibit to Motion* [#29-2] at 53 (beneficiary rules of the Insured's policy with Prudential). If the policy-holder has not designated a beneficiary, "the benefits are payable to the first of the following: '(a) [the] surviving spouse or domestic partner; (b) [the] surviving child(ren) in equal shares; (c) [the] surviving parents in equal shares; (d) [the] surviving siblings in equal shares; [or] (e) [the] estate.'" *Compl.* [#1] at 3.

At the time of her death,[3] the Insured retained term life insurance and accidental death and dismemberment insurance through Wal-Mart, her employer. *Id.* Plaintiff determined that, as a consequence of the Insured's death, it was obligated to pay out a term life benefit ("Life Benefit") and an accidental death benefit ("Accidental Death Benefit") in the amount of $200,000 per Benefit pursuant to the policy. *Id.* at 4. The Insured did not

---

[2] The following are factual allegations made by Plaintiff in the Complaint [#1]. *See Compl.* [#1]. A defendant admits the well-pled allegations of fact in the complaint when he or she defaults. *Jones v. Marquis Props., LLC*, 212 F. Supp. 3d 1010, 1014 (D. Colo. 2016) (citing *Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, No. 08-cv-1114-RPM-MEH, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009)). The Court entered default against Defendant Michael Sommerfield ("Sommerfield") on March 2, 2017. *See Entry of Default* [#18]. Thus, the Court presumes the well-pled factual allegations in the Complaint [#1] to be true. *See id.*

[3] The Insured died on or about March 21, 2014, in the State of Colorado. *Compl.* [#1] at 3.

designate a beneficiary with regard to either Benefit. *Id.* The circumstances surrounding the Insured's death left it unclear to whom Plaintiff should pay these Benefits.

On November 18, 2016, Plaintiff filed a Complaint for Declaratory Judgment [#1] against Michael Sommerfield; Angelina Lucero; Alyssa Lucero; Penny McNally, as guardian and next friend of A.W., a minor; and Mark Drummond, as guardian and next friend of A.L., a minor. *Compl.* [#1] at 1, 8. With the exception of Defendant Sommerfield, Defendants are the Insured's children (the "Insured's Children").[4] *Id.* at 4. Defendant Sommerfield was in an intimate relationship with the Insured, but their marital status at the time of the Insured's death is unclear. *Id.* Although the Insured's death certificate stated that she was "divorced," the media portrayed Defendant Sommerfield to be the Insured's common-law spouse at the time of her death. *Id.*; *see Exhibit to Motion* [#29-2] at 70 (copy of the Insured's death certificate); *see Exhibit to Motion* [#29-2] at 72 (Fox 31 Denver news article referring to Defendant Sommerfield as the Insured's common-law husband).

Defendant Sommerfield was charged with and convicted by a jury of first-degree murder of the Insured. *Compl.* [#1] at 5. His criminal appeal, which was filed in August 2016, remains pending in the Colorado Court of Appeals. *Id.* Because the Insured's death certificate stated that she was "divorced," Plaintiff determined that the policy required it to pay the Insured's Life Benefits to the Insured's Children. *Id.* at 4; *Exhibit to Motion* [#29-1] at 3 (declaration of Plaintiff's employee noting Plaintiff's determination regarding Benefit payout). Plaintiff divided and paid the proceeds of the Life Benefit, plus applicable interest, equally among the Insured's children. *Id.*; *Compl.* [#1] at 4. As Plaintiff continued to

---

[4] Two of the Insured's Children are minors. *See Compl.* [#1] at 2. Their respective guardians are parties to this action. *Id.*

investigate whether and to whom the policy required Plaintiff to pay the Accidental Death Benefit, Plaintiff discovered the media reports which referred to Defendant Sommerfield as the Insured's common-law spouse. *See Exhibit to Motion* [#29-1] at 3; *see also Exhibit to Motion* [#29-2] at 76 (Denver news report stating that "[a] Jefferson County man accused of strangling his common-law wife . . . has been convicted of first-degree murder."). On those grounds, before paying out the Accidental Death Benefit, Plaintiff filed this case in order to ask the Court to declare that Defendant Sommerfield is not a surviving spouse pursuant to the policy, and to further declare that Plaintiff properly paid the Optional Life Benefit to the Insured's children. *Compl.* [#1] at 7-8. Plaintiff further seeks a declaration that the children are the proper recipients of the Accidental Death Benefit. *Id.* at 8.

**B.    Procedural Background**

Generally, Fed. R. Civ. P. 12 requires a defendant to file an answer no later than 21 days after a plaintiff serves the complaint and summons. *See* Fed. R. Civ. P. 12(a)(1)(A). Plaintiff filed the Complaint [#1] in this action on November 18, 2016. *Compl.* [#1]. Plaintiff's agent served Defendant Sommerfield on December 9, 2016. *See Executed Summons* [#12]; *Motion* [#29] at 10. Thus, Defendant Sommerfield was required to file an answer by December 30, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A). Defendant Sommerfield did not enter an appearance or file an answer by that date. On February 28, 2017, Plaintiff filed a Motion for Entry of Default [#15] as to Defendant Sommerfield. *See Motion for Entry of Default* [#15] at 1. The Clerk of the Court entered default against Defendant Sommerfield on March 2, 2017. *See Entry of Default* [#18]. Plaintiff filed the present Motion [#29] on April 7, 2017.

Plaintiff seeks entry of summary judgment in its favor against Defendant

Sommerfield. Specifically, Plaintiff seeks a declaration that Defendant Sommerfield

> was not the Insured's spouse or domestic partner at the time of her death or that [Defendant] Sommerfield is disqualified by operation of the slayer laws from receiving any benefit under the Group Contract, including but not limited to the Optional Life Benefit and the Accidental Death Benefit payable under the Group Contract as a consequence of the Insured's death. [Plaintiff] further seeks entry of an Order declaring that [it] properly paid the Optional Life Benefit to the Insured's children; that the Insured's children are the proper recipients of the Accidental Death Benefit, in equal shares; and discharging [Plaintiff] from all liability to all defendants in connection with [Plaintiff's] administration of the subject coverages under the Group Contract, including but not limited to the Optional Life Benefit and/or Accidental Death Benefit, upon [Plaintiff's] payment of the Accidental Death Benefit to the Insured's children in equal shares.

*Motion* [#29] at 3; *see also Compl.* [#1] at 7-8. In support of these contentions, Plaintiff argues that Defendant Sommerfield has failed to produce any evidence that he was either the Insured's common-law spouse or domestic partner. *Id.* at 7-8. Plaintiff further argues that even if Defendant Sommerfield is the Insured's common-law husband, Colorado's slayer statute, COLO. REV. STAT. § 15–11–803, disqualifies Defendant Sommerfield from receiving any Benefits. *Id.* at 8-9. In the alternative, Plaintiff requests that the Court enter default judgment against Defendant Sommerfield due to his failure to defend. *Id.* at 9-12.

## II. Legal Standard

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). A default judgment is available "only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). This remedy protects the diligent party from being faced with "interminable delay and continued uncertainty as to his rights" resulting from the unresponsive party's inaction. *Id.*

"Rule 55 mandates a two-step process for a party who seeks a default judgment in

his favor." *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished); *see* Fed. R. Civ. P. 55. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55. To obtain an entry of default, a party must request that the clerk enter default on the docket. A clerk must enter default if the party shows, "by affidavit or otherwise," that the non-moving party has failed to plead or otherwise defend the lawsuit. *Williams*, 1995 WL 365988, at *1 (quoting Fed. R. Civ. P. 55(a)) (internal quotation marks omitted). Second, after the clerk enters a default, the plaintiff can "apply to the court" for a grant of default judgment. *Id.* (quoting Fed. R. Civ. P. 55(b)(2)); *see also Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014). If a plaintiff's claim is for "a sum certain," and the plaintiff requests default judgment to be entered, the Clerk of the Court must enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(1). In all other cases, "a party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"[A] party is not entitled to a default judgment as of right." *Satriano v. Countrywide Home Loans, Inc.*, No. 14-cv-2216-KLM, 2015 WL 1887260, at *1 (citing *Greenwich Ins. Co. v. Daniel L. Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2). District courts have broad discretion to decide whether to enter a default judgment. *United States v. Rice*, 295 F. App'x 898, 901 (10th Cir. 2008) (citing *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003)); *see also Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) (noting that a trial court is vested with broad discretion in deciding whether to enter a default judgment). The Court must take several steps before properly entering a default judgment. *Jones*, 212 F. Supp. 3d at 1014. First, the Court must have personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court is not required

to consider whether venue is proper because a party in default waives its right to object to venue when it fails to appear to file a responsive pleading. *See id.* at 1202. Second, the Court considers whether the well-pled allegations of fact support a judgment on the claims against a defaulting defendant. *See Jones*, 212 F. Supp. 3d at 1014 (citing *Fed. Fruit & Produce*, 2009 WL 765872, at *3). Because the well-pled allegations of fact are admitted by a defendant upon default, a court assumes the well-pled facts of the complaint to be true when it determines whether a claim for relief has been established. *Id.* However, the Court does not treat a default as a confession of liability, and, by failing to respond, a defendant does not concede the Plaintiff's legal conclusions. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). If the Court finds that "the unchallenged facts create a legitimate basis for the entry of a [default] judgment," it may enter default judgment against a defendant. *Satriano*, 2015 WL 1887260, at *1 (citing *Greenwich*, 2008 WL 793606, at *1).

### III. Analysis

**A.     The Court's Jurisdiction & Whether Damages Are Ascertainable**

The Court must determine whether it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Williams*, 802 F.2d at 1202-03. The Court first addresses the adequacy of service of process. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Plaintiff submitted a notarized Sheriff's Return from the Chaffee County Sheriff's Office stating that Defendant Sommerfield was personally served with the Complaint and Summons at the Buena Vista Correctional Facility on December 9, 2016. *See Executed Summons* [#12]. On this basis, the Court is satisfied that service of process was adequate.

Next, a court has jurisdiction over a defendant if the defendant is present within the

territorial jurisdiction of the court. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (citing *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877)). The United States District Court for the District of Colorado has territorial jurisdiction over the entire state of Colorado. 28 U.S.C. § 85. Defendant Sommerfield is incarcerated at the Buena Vista Correctional Facility located in Buena Vista, Colorado. *Compl.* [#1] at 1. Defendant Sommerfield therefore is a Colorado resident. Therefore, the Court is satisfied that it may exercise personal jurisdiction over Defendant Sommerfield. *See Int'l Shoe Co.*, 326 U.S. at 316.

The Court next considers whether it has subject matter jurisdiction over the action. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over claims which arise under federal law. Plaintiff's claim involves rights and liabilities governed by the Employee Retirement Income Security Act of 1974, which is a federal statute. *See Compl.* [#1] at 2; 29 U.S.C. § 1001-1461 (2016). Thus, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Alternatively, federal district courts have diversity jurisdiction over claims in which the parties are completely diverse and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Plaintiff is a resident of New Jersey. *Compl.* [#1] at 1. Defendants are all residents of Colorado. *Compl.* [#1] at 2; *Insured Children's Answer* [#14] at 1 (admitting that the Insured's Children are residents of Colorado). The Life Benefit and the Accidental Death Benefit, each worth $200,000, are both at issue. Thus, the Court also has diversity subject matter jurisdiction over the action.

Normally, the Court must also determine whether the amount of damages can be ascertained. *See Grady v. Swisher*, No. 11-cv-02880-WYD-KLM, 2014 WL 3562794, at *5 (D. Colo. July 18, 2014). However, the Court need not consider that here because

Plaintiff is solely seeking declaratory relief in this matter. Accordingly, the Court now turns to whether there is a legal basis for entry of judgment. *See Jones*, 212 F. Supp. 3d at 1014 (citing *Fed. Fruit & Produce*, 2009 WL 765872, at *3).

**B.  Whether the Unchallenged Facts Constitute a Legitimate Cause of Action**

Default was entered in this matter against Defendant Sommerfield on March 2, 2017. *See Entry of Default* [#18]. Thus, the Court considers whether "the unchallenged facts create a legitimate basis for the entry of a [default] judgment." *See Satriano*, 2015 WL 1887260, at *1 (citing *Greenwich*, 2008 WL 793606, at *1). Plaintiff asks the Court to enter a declaratory judgment regarding Defendant Sommerfield's entitlement to the Life Benefit[5] and the Accidental Death Benefit. *Compl.* [#1] at 6. When the Insured did not designate a beneficiary, as is the case here, the insurance policy requires Plaintiff to pay the Benefits to the Insured's surviving spouse. *See id.* at 3. But if the Insured did not have a surviving spouse, the policy requires Plaintiff to pay the Benefits to the Insured's surviving children in equal shares. *See id.* If Defendant Sommerfield was the Insured's common-law spouse at the time of her death, he may have a claim to her estate under the policy. *See id.*

Colorado law recognizes common-law marriages as valid. COLO. REV. STAT. § 15–11–803 (2016); *see also Klipfel's Estate v. Klipfel*, 92 P. 26, 27-28 (Colo. 1907) (recognizing common-law marriage as valid and binding). Two persons can establish a common-law marriage through mutual consent or agreement of the parties to be married, followed by their mutual and open assumption of a marital relationship. *People v. Lucero*,

---

[5]  Though Plaintiff already distributed the Life Benefit to the Insured's Children, Plaintiff requests that the Court enter an Order declaring that Plaintiff's distribution of the Life Benefit was proper. *Compl.* [#1] at 4.

747 P.2d 660, 663-64 (Colo. 1987). If an agreement "cannot be shown, its existence may be inferred from evidence of cohabitation and general repute. The conduct of the parties provides the truly reliable evidence of the nature of their understanding or agreement." *Id.* at 664.

There are three allegations in the Complaint that are pertinent to this question. First, the Complaint alleges that the Insured's death certificate states that she was "divorced" at the time of her death. *Compl.* [#1] at 4. Second, based on Plaintiff's investigation, Defendant Sommerfield and the Insured did not register a civil union with the State of Colorado. *Id.* Third, Plaintiff alleges that it "lacks sufficient information to conclude that Sommerfield was the Insured's spouse or domestic partner at the time of the Insured's death." *Id.* at 5. Due to his default, Defendant Sommerfield has not filed any briefs or documents that could substantiate the existence of a common-law marriage. Thus, the unchallenged facts establish that there was no common-law marriage between the Insured and Defendant Sommerfield at the time of the Insured's death. *See Lucero*, 747 P.2d at 664. Moreover, the unchallenged facts establish that the policy requires Plaintiff to pay benefits to the Insured's surviving children if there is no surviving spouse. *Compl.* [#1] at 3.

Consequently, the unchallenged facts create a legitimate legal basis for the relief sought by Plaintiff: an order declaring that Defendant Sommerfield was not the Insured's spouse or domestic partner at the time of her death; an order declaring that Plaintiff properly paid the Optional Life Benefit to the Insured's children; an order declaring that the Insured's children are the proper recipients of the Accidental Death Benefit, in equal shares; and an order discharging Plaintiff from all liability to all defendants in connection

with Plaintiff's administration of the subject coverages under the Group Contract, including but not limited to the Optional Life Benefit and/or Accidental Death Benefit, on Plaintiff's payment of the Accidental Death Benefit to the Insured's children in equal shares.

Accordingly, the Court respectfully **recommends** that Plaintiff is entitled to the relief sought, and that default judgment enter against Defendant Sommerfield.

**C.    Applicability of Colorado's Slayer Law**

Plaintiff additionally argues that, even if Defendant Sommerfield is the Insured's common-law husband, COLO. REV. STAT. § 15–11–803 disqualifies Defendant Sommerfield, as the felonious killer of the Insured, from receiving any Benefits.[6]  *Motion* [#29] at 8-9. Section 15–11–803(2) provides that any individual who has committed a felonious killing forfeits all benefits with respect to the decedent's estate.  Section 15–11–803(7)(a) states that a judgment of conviction for felonious killing only conclusively establishes the convicted individual as the decedent's killer "[a]fter all right to appeal has been waived or exhausted." Plaintiff alleges that Defendant Sommerfield's criminal appeal remains pending.  *Compl.* [#1] at 5.  Thus, as Plaintiff concedes, section (7)(a) does not apply.

Rather, Plaintiff argues that, pursuant to section (7)(b), the Court may make a determination "whether, by a preponderance of evidence standard, each of the elements of felonious killing of the decedent has been established."  *Motion* [#29] at 9.  Plaintiff simply states that because Defendant Sommerfield "has already been convicted of first degree murder under the beyond a reasonable doubt standard," the Court may make such

---

[6]   As discussed above, the Court finds that the unchallenged facts establish that Defendant Sommerfield was not a common-law spouse of the Insured.  *See Satriano*, 2015 WL 1887260, at *1 (citing *Greenwich*, 2008 WL 793606, at *1).  However, for the sake of completeness, the Court considers this additional argument regarding the Colorado slayer statute.

-11-

a determination. *Id.* However, Plaintiff does not cite to case law in support of this broad contention that a person's prior conviction establishes by a preponderance of the evidence each element of felonious killing. *See id.* Nor does Plaintiff make any argument regarding what the "elements of felonious killing" are that must be considered by the Court. *See id.* Accordingly, the Court concludes that Plaintiff has provided insufficient information for a determination to be made regarding the applicability of § 15–11–803.

## IV. Conclusion

For the reasons stated above, the Court hereby respectfully **RECOMMENDS** that the Motion [#29] be **GRANTED** with respect to the request for default judgment, and **DENIED as moot** with respect to the request for summary judgment. The Court further recommends that judgment be entered in favor of Plaintiff declaring as follows:

(1) Defendant Sommerfield was not the Insured's spouse or domestic partner at the time of her death;

(2) Plaintiff properly paid the Optional Life Benefit to the Insured's children;

(3) The Insured's children are the proper recipients of the Accidental Death Benefit, in equal shares; and

(4) Plaintiff is discharged from all liability to all Defendants in connection with Plaintiff's administration of the subject coverages under the Group Contract, including but not limited to the Optional Life Benefit and/or Accidental Death Benefit, on Plaintiff's payment of the Accidental Death Benefit to the Insured's children in equal shares.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 4, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge